IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:19-CR-642 |
| | ) | |
| MOHAMMAD REZA SALAMI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

As part of an investigation into criminal allegations of marriage fraud, the government lawfully seized certain electronic devices belonging to the defendant, Dr. Mohammad Reza Salami, pursuant to a search warrant. Dr. Salami has filed a motion for the return of his private property, which contains decades of personal and professional materials. The government is not entitled to keep the private property of its citizens forever merely because the property was lawfully seized pursuant to a search warrant as part of a criminal investigation. The government has not shown that the four remaining devices at issue contain contraband. Dr. Salami's motion will be granted.

### FACTS

Based on the evidence submitted at a hearing on August 3, 2020 and matters of record on the docket, the Court makes the following findings of fact.

During an investigation into criminal allegations of marriage fraud and the execution of search warrants at the residence of Dr. Salami, law enforcement officers seized 21 electronic devices belonging to him. Doc. 10 at 5–6; Doc. 24 at 2–3. Among

the items seized were multiple cell phones, digital drives, digital storage media, at least one laptop, and a desktop computer. Doc. 24 at 2–3. At least some of these devices had evidentiary value in connection with the marriage fraud investigation, as they showed someone had used the devices to create a counterfeit marriage license. Doc. 31 at 33–34. The government's evidence was unclear as to which devices contain this evidence. The government extracted and preserved a forensic copy of all evidentiary data contained on all of the devices. *Id.* at 44, 63.

The devices contain decades of work product and personal memorabilia belonging to Dr. Salami, who is a former civil engineering professor at North Carolina A&T State University. Doc. 10 at 9; Doc. 22 at 1. The devices further contain academic notes, lectures, articles, and other materials accumulated over his career, as well as many family photos and videos. *See* Doc. 10 at 5–6; Doc. 22 at 1–2. Currently, Dr. Salami serves as the chief executive officer of a non-profit organization, and he continues to consult, publish, and deliver lectures via online platforms. Doc. 10 at 2; Doc. 22 at 2. Dr. Salami, who has court-appointed counsel, testified without contradiction that he was only able to afford a very small new device with limited memory and capacity, that it regularly "crash[es]," and that he does not have enough money to buy a new computer or hard drive. Doc. 31 at 14; s*ee also* Docs. 4, 5.

Some of the seized devices also contain large amounts of adult pornography, and a forensic examination was undertaken to determine if the contents included any child pornography. Doc. 22 at 4; Doc. 31 at 26–27. A forensic analyst with the Department of Homeland Security identified two pornographic images, discussed *infra,* which form the

2

basis of the government's contention that the devices contain contraband. Doc. 25 at 4–5. The same two images appeared on four of the 21 devices seized from Dr. Salami: one Seagate Free Agent hard drive, serial number 2GE2EXDV; one Western digital hard drive (without serial number); and two one-terabyte hard drives. Doc. 24 at 3.

In December 2019, Dr. Salami was indicted for criminal marriage fraud to evade the immigration laws. Doc. 1. The parties discussed resolution of the charge and agreed to pretrial diversion. Doc. 23. The government has elected not to bring any child pornography charges against Dr. Salami. Doc. 31 at 60. The government has not initiated any forfeiture proceedings, civil or criminal, against any of the devices or against the images, 18 U.S.C. §§ 2253 (criminal), 2254 (civil), and since Dr. Salami has not been charged, much less convicted, of any applicable offense, any such forfeiture proceedings would be unsuccessful. There is no pending criminal investigation related to the images.

While matters moved towards entry of a pretrial diversion order, Dr. Salami filed a *pro se* motion for the return of all his electrical devices. Doc. 10. His attorney later filed a memorandum in support of the motion, construing it as a motion to return property pursuant to Fed. Crim. R. P. 41(g).[1] Doc. 22. The Court held a hearing on the motion and both parties presented evidence. Minute Entry 8/03/2020; *see* Doc. 31.

---

[1] In his *pro se* motion, Dr Salami also contended that the electronic devices had been illegally seized in violation of his constitutional rights. *See* Doc. 10. To the extent this argument was not abandoned, it is without merit.

During the hearing, the parties eventually agreed to the return of 17 of the 21 devices seized and held by the government. The government agreed that all evidentiary value had been extracted and preserved from those devices and that they did not contain any contraband. Doc. 31 at 63. The Court directed the government to return the 17 uncontested devices to Dr. Salami. *See* Minute Entry 8/3/20; Doc. 24. But the government contended that the remaining four devices should not be returned to Dr. Salami because they contained digital copies of two images the government asserts are contraband. Doc. 31 at 63–64.

The Court reviewed the images and heard testimony from the government's forensic analyst, who has extensive experience in examining child pornography for law enforcement purposes. *See id*. at 25. The two images are the same close-up depiction of female genitalia with no public hair, and a male penis near but not penetrating; one is a still photo and one is a GIF. *Id*. at 48–49. There are no faces and no other body parts shown. *Id*. at 49. The analyst who examined the pictures characterized them as "age difficult" and, while he "suspected" the pictures to "potentially be of a juvenile," he "[could not] positively identify the age" of the female. *Id*. at 26–27. The analyst used the term "age difficult" because of the depicted individual's lack of pubic hair, intact hymen, and size of her legs. *Id*. at 49. There were no images of obvious child pornography on the devices, and no other "age difficult" images.

The Court set a briefing schedule for the parties to further address whether the government could lawfully retain and destroy the computers and electronic devices that

4

contain small amounts of possible contraband. Those briefs have now been filed and the Court has read them.

After the hearing, the parties entered into a pre-trial diversion agreement. Doc. 29. Pursuant to this agreement, the marriage fraud charge remains pending.

## LAW

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g).[2] The party bearing the burden of proof on a Rule 41(g) motion depends on when the motion is filed. Before an indictment is filed, or while a criminal investigation is pending, the movant bears the burden of proving that they are entitled to lawful possession of the property. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).

The burden of proof changes when "the property in question is no longer needed for evidentiary purposes" because "the government has abandoned its investigation." *Id.* (quoting *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987)); *see Bostic v. United States*, Civ. No. WDQ-13-2731, 2015 WL 4389329, at *5 (D. Md. July 14, 2015); *United States v. Jones*, 42 F. Supp. 2d 618, 620 (W.D.N.C. 1999) ("[A] Rule 41(e) motion is properly granted if the government no longer needs the seized property as evidence."). Then, the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Gladding*, 775 F.3d at 1152 (quoting *Martinson*, 809 F.2d at 1369).

---

[2] Formerly Fed. Rule 41(e). *See* Fed. R. Crim. P. 41 advisory committee notes; *United States v. Albinson*, 356 F.3d 278, 279 n.1 (3d 2004).

5

The simplest way for the government to carry its burden is to prove the property is contraband by submitting evidence. *Id*. When there is a factual dispute over what constitutes contraband for the purposes of a motion under Fed. R. Crim. P. 41(g), the Court acts as the finder of fact. *See* Fed. R. Crim. P. 41(g) ("The court must receive evidence on any factual issue necessary to decide the motion."); *United States v. Guivas-Soto*, 39 F. Supp. 3d 206, 208 (D.P.R. 2014) (acting as finder of fact to determine what constitutes child pornography to resolve a Rule 41(g) motion); *United States v. Mohammad*, 95 F. Supp. 2d 236, 239 (D. N.J. 2000) ("First, the Court must determine whether any of the items are subject to forfeiture or are contraband."); *see also United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999) (holding that the district court acts as finder of fact to resolve a motion to return property).

Images containing child pornography are contraband. Federal law makes it illegal to possess such images, 18 U.S.C. § 2252A(a)(5)(B), and federal law requires that such images seized in connection with criminal proceedings remain in the care, custody and control of either the Government or the court. *Id*. § 3509(m)(1). Child pornography is defined in 18 U.S.C. § 2256(8)(A), as is relevant here, as "any visual depiction, including any photograph [or] film . . . of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." As is obvious from this definition, there must be a minor.

## ANALYSIS

Dr. Salami has established that he is the owner of the four devices. The devices, when seized, were in his lawful possession and contain decades of his academic work

6

product along with many family photos and videos. Doc. 31 at 14–15. He has been aggrieved by the dispossession of his property. Nothing else appearing, Dr. Salami is entitled to return of his property.

While there are many legitimate reasons for the government to keep, or even destroy, private property seized by search warrant, here the government relies on only one: that the four seized devices contain contraband.[3] As noted *supra*, in this situation, the burden is on the government to prove the devices contain contraband.

But the government's evidence establishes only that the images are "suspected" of "potentially" being child pornography. The images themselves are not definitive one way or the other as to whether they are images of an adult or of a minor. Dr. Salami had no child pornography or other possible child pornography on any device, so there is no circumstantial evidence to indicate that the images are of a minor; indeed, all the other pornography depicted adults, which tends to indicate, though somewhat weakly, that the disputed images were not child pornography. The images may show someone engaging in sexually explicit conduct, but the government has not shown that it was a minor who engaged in that conduct. Therefore, the government has not shown that the images meet the definition of child pornography in § 2256(8).

---

[3] At the hearing, the government made passing mention that the devices had an evidentiary purpose related to the marriage fraud charge, but the evidence concerning which devices contained the alleged evidence was confusing. The government has not clearly identified that the four remaining devices have evidentiary purpose for the marriage fraud charge, and the government's focus has all along been on the purported contraband. *See* Doc. 31 at 63 (statement by prosecutor that government will not rely on evidentiary value of material on devices since "there is a forensic image of everything.").

7

Case 1:19-cr-00642-UA   Document 33   Filed 10/20/20   Page 7 of 8

On these facts, the Court concludes that Dr. Salami is entitled to return of his property.

It is **ORDERED** that the defendant's motion for return of property, Doc. 10, is **GRANTED**. The government shall make the four devices available to the defendant to take possession no later than November 16, 2020.

This the 20th day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE